UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORID
PENSACOLA DIVISION

JON SANDERSON CHRIS HAIL,
Inmate No. 0H4408,
     Plaintiff,

vs.                             Case No.: 3:21cv654/LAC/EMT

TENTH JUDICIAL SAO, et al.,
     Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections (FDOC) proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).   The matter is before the court on Plaintiff's motion to proceed in forma pauperis (ECF No. 2).   Upon review of Plaintiff's complaint and litigation history, it is plain Plaintiff is a "three-striker" and that his motion to proceed in forma pauperis should be denied and this action dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

According to 28 U.S.C. § 1915(g), a provision of the in forma pauperis statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*   A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the lawsuit; his failure to do so warrants dismissal of the case without prejudice.   *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit).   The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g) having had three or more prior civil actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted.   Plaintiff commenced this action on March 29, 2021 (*see* ECF No. 1 at 11–12).   In the complaint, Plaintiff identifies himself as **"Jon Sanderson Christian Hail"** (ECF No. 1 at 1, 11–12). He indicates his FDOC inmate number is **"0H4408"** and that he currently is incarcerated at **"Lake C.I."** (*id.* at 1–2).   Prior to filing this case, Plaintiff filed

Case No.: 3:21cv654/LAC/EMT

numerous cases in this court and others, under various names and inmate numbers,

at least five of which were dismissed as frivolous, malicious, or for failure to state a

claim.   The court takes judicial notice of the following:[1]

On March 31, 2016, Plaintiff filed *Haile v. Jones, et al.*, No.

4:16cv364/RH/GRJ (N.D. Fla.), a civil rights action involving alleged conditions of

confinement (*see* ECF No. 1 at 6).   Plaintiff identified himself in the complaint as

**"John Haile"** and **"John Sanders Haile,"** inmate number **"0H44084,"** and

indicated he had no prior litigation history (*id.* at 1–5).   He was incarcerated at

**Union Correctional Institution (UCI)**, an FDOC facility, at the time (*see id.* at 2).

The court transferred the case to the Middle District on June 23, 2016 (*see* ECF No.

3).

Plaintiff next filed suit in this court on September 29, 2016—*Haile v.*

*Houghstein, et al.*, No. 4:16cv621/WS/CAS (N.D. Fla.), also a civil rights case

involving alleged conditions of confinement (*see* ECF No. 1 at 8).   Plaintiff

identified himself in the complaint as **"Dr. J. Jay Sanders Haile, VII"** (ECF No. 1

at 1); he signed the complaint and a letter to the clerk, however, as **"John Haile IV"**

(*id.* at 8–9).   He provided two inmate numbers—**"H44084"** and **"J19543"** (*id.* at

---

[1] The undersigned notes that this is not intended as a comprehensive list of all cases Plaintiff has filed, or even all cases Plaintiff has filed in this court.

1–2, 10).   In the section of the complaint form regarding prior lawsuits, Plaintiff

disclosed one case filed in the Middle District—*Haile v. Perez, et al.*, No. "3:16-cv-

01166J-39MCR"; he denied having filed any others (*id.* at 4–6).   In an amended

complaint Plaintiff filed in the case, Plaintiff identified himself as **"Jay Sanders**

**Haile, VII," "John S. Jay Haile, Sr. M.D.,"** and **"Dr. J.S. Jay Haile"** (ECF No. 6

at 1–2).   In the litigation history of the complaint form, he disclosed one prior case

filed in the Southern District—*Haile v. Jones, et al.*, No, 2:16cv14453-OMM; he

denied having filed any others (*see* ECF No. 6 at 3–4).   The court dismissed the

case on February 7, 2017, for failure to prosecute and failure to comply with an order

of the court (*see* ECF Nos. 10, 11).

On March 10, 2017, Plaintiff filed *Haile v. Scott, et al.*, No.

4:17cv132/MW/CAS (N.D. Fla.), another civil rights case involving alleged

conditions of confinement (*see* ECF No. 1 at 7).   Plaintiff signed the complaint as

**"John Jay Haile, II,"** and indicated his inmate number was **"044084"** (*id.* at 1, 7).

He also indicated he had no litigation history (*see id.* at 3–4).   The case, which

proceeded in the name of another plaintiff, ultimately was dismissed for failure to

comply with an order of the court and failure to prosecute (*see* ECF Nos. 37, 38).

Plaintiff next filed suit on or about October 6, 2017—*Haile v. McCalvin*, No.

4:17cv460/MW/CAS (N.D. Fla.) (*see* ECF No. 1 at 1).   This time, Plaintiff

identified himself as **"John Haile"**; he again provided two inmate numbers—

**"0H44084"** and **"196140"** (ECF No. 1 at 1–2).   Plaintiff submitted only the first

page of the complaint form, however, and the complaint was dismissed as deficient

for that and other reasons (*see* ECF No. 4).   While the case was pending, Plaintiff

was transferred from **UCI** to **Santa Rosa Correctional Institution (SRCI)**, another

FDOC facility (*see* ECF Nos. 5, 6, 10).

Plaintiff filed yet another civil rights action challenging the conditions of his

confinement on March 7, 2018—*Haile v. Johnson, et al.*, No. 4:18cv141/MW/GRJ

(N.D. Fla.) (*see* ECF No. 1 at 7).   He identified himself as **"Sandy Hail Storm**

**Sanders,"** inmate number **"0H4408"** (ECF No. 1 at 1).   On the envelope in which

he mailed the complaint, Plaintiff indicated his inmate number was **"H44084"** (*id.*

at 5).   Plaintiff stated he was incarcerated at "St. Johns Compound" in Hamilton,

Florida, and indicated he had no prior litigation history (*id.* at 1–4).   The envelope

in which Plaintiff mailed the complaint reflected Plaintiff was incarcerated at **SRCI**

(*id.* at 5).   The court dismissed the case on June 1, 2018, for failure to comply with

an order of the court and failure to prosecute (*see* ECF Nos. 6, 10).

On or about May 14, 2018, Plaintiff filed suit as **"J.J.J. Jack Z. Sanders,**

**Esquire, M.D., D.R.F., F.J.I, CHTD., F.I.D.D., A.L.I.,"** "class counsel"—*Haile v.*

*F.D.O.C.*, No. 3:18cv1337/LAC/EMT (N.D. Fla.)—challenging alleged conditions

of confinement (ECF No. 1 at 1, 5).   Plaintiff stated his inmate number was **"0H44084"** (*id.* at 10).   In an objection to a Report and Recommendation entered in the case, Plaintiff indicated in the caption of the document that his name was **"John S. Haile"**; in the body of the objection, he identified himself as **"John S. Haile . . . ('Sandersson')"** and repeatedly referred to himself as **"Sandersson"** (ECF No. 6 at 1–5).   The court dismissed the case for failure to comply with a court order (*see* ECF Nos. 5, 7).

Plaintiff filed *Haile v. Am. Civil Liberties Union, et al.*, No. 3:18cv1377/MCR/CJK (N.D. Fla.), on May 21, 2018, challenging alleged conditions of confinement (*see* ECF No. 1 at 12–13).   He signed the complaint as **"John Jay Justus Christian"** and provided two inmate numbers—**"0H448"** and **"H4408"** (ECF No. 1 at 1–2, 12–13).   He signed what appears to be one misplaced page of a motion for leave to proceed in forma pauperis as **"John Jay Christian Sanders"** (*id.* at 14).   The case was dismissed on August 13, 2018, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff's status as a "three-striker," and 28 U.S.C. § 1915A, as malicious, due to Plaintiff's failure to disclose his litigation history (*see* ECF Nos. 5, 6).   In finding that Plaintiff was a three-striker, the court cited the following three cases, of which the court takes judicial notice: *John Jay Haile, Sr. v. Bombulie*, No. 2:17cv14332-RLR   (S.D.   Fla.   Oct.   25,   2017)   (dismissing   plaintiff's   civil

rights action under § 1915(e)(2)(B)(ii) as frivolous and for failure to state a claim on which relief may be granted); *John Sanders Haile v. Lamborghini*, No. 2:17cv14349-RLR (S.D. Fla. Nov. 18, 2017) (same); *John Jay Halie, Sr. v. Flonnery*, No. 6:16cv1645-GKS-KRS (M.D. Fla. Sept. 27, 2016) (dismissing plaintiff's civil rights action as frivolous) (*see* ECF No. 5 at 3).   The court explained that the "cases [could] be positively identified as having been filed by plaintiff, because they bear his name (or close variation) and Florida Department of Corrections' DC# H44084" (*id.*).

It appears Plaintiff filed another case that same day challenging the alleged conditions of his confinement—*Haile v. Sanford, et al.*, No. 3:18cv1378/LAC/CJK (N.D. Fla.) (*see* ECF No. 1 at 12–13).   In the caption of the complaint, Plaintiff identified himself as **"Hail S.O. Sanders,"** inmate number **"0H440"**; in the body of the complaint, he stated his inmate number was **"011480"** (*id.* at 1–2, 12).   Plaintiff again indicated he had no prior litigation history (*see id.* at 9–11).   The court dismissed the case on June 28, 2018, for the same reasons the court dismissed the case cited above—pursuant to the "three-strikes" provision and as malicious (*see* ECF Nos. 4, 5).

On February 22, 2021, approximately six weeks before filing the instant action, Plaintiff filed *Hail v. Allender, et al.*, No. 3:21cv357/LAC/EMT, in which he

identifies himself as **"J. Hail, M.D.,"** inmate number **"011440,"** and challenges the

alleged conditions of his confinement (ECF No. 1 at 2–3).   Plaintiff indicated he

has various aliases, including "counselor, attorney, Hail, Jonathan Livingstone Hail,

Pops, Ole School, [and] Jail House Lawyer," and identified no prior lawsuits (*id.* at

3, 8–11).   He filed an amended complaint on April 6, 2021, in which he identifies

himself as **"Lt. Col (RET) J.L. Hail"** and indicates he was transferred to, and

currently confined at, **"Lake C.I."** (ECF No. 5 at 2, 6).   On the envelope in which

he mailed the amended complaint for filing, Plaintiff indicated his inmate number is

**"0H4408"** (*id.* at 6).   The case is pending.

On April 14, 2021, less than one month after Plaintiff instituted the instant

action, he filed *Hail v. Inch, et al.*, No. 4:21cv171/AW/MJF (N.D. Fla.) (ECF No. 1

at 7).   He identifies himself as **"Dr. M.J.L.S.E. Christian Hail, Senior"** and

provides two inmate numbers—**"011440"** and **"H44084"** (*id.* at 1, 8).   He indicated

he is still confined at **"Lake C.I."** (*id.* at 2, 8).   That case, too, is still pending.

A review of the FDOC's website shows there is no inmate in the FDOC, either

currently or formerly incarcerated, with the name "Jon Sanderson Chris Hail" or the

inmate number 0H4408, which are the name and inmate number identified in

Plaintiff's complaint in this action.   *See http://www.dc.state.fl.us/offendersearch/.*

There is, however, an inmate by the name "John S. Haile," who is assigned inmate

number H44084 and has been in FDOC custody since July 28, 2014—during the time all of the lawsuits referenced above were filed. *See id.* According to the website, "John S. Haile" goes by a number of aliases, including "John Sanders Haile." *Id.*

Based on the above, the undersigned is confident Plaintiff is inmate "John S. Haile," inmate number H44084, and the same individual who filed this action and all of the cases referenced above. Indeed, in addition to the inconsistencies—but similarities—in names and inmate numbers, the undersigned notes that the complaints in the cases bear remarkable similarities, both in form and handwriting. Accordingly, Plaintiff may not litigate this case in forma pauperis unless he demonstrates he is under imminent danger of serious physical injury, which he has not alleged.[2]   28 U.S.C. § 1915(g), *Brown, supra.*

Because Plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed in forma pauperis, this action should be dismissed pursuant to 28 U.S.C. § 1915(g).

---

[2] To the contrary, from what the undersigned is able to discern, Plaintiff's complaint consists of vague and rambling allegations regarding a number of alleged events beginning in 2007, including allegations concerning insurance claims, illegal arrest, and conditions of confinement, with few, to no, supporting details and no allegations whatsoever of any present threat of danger.

Plaintiff's complaint is due to be dismissed on the additional ground that it is malicious.   Because Plaintiff is a prisoner, the court must review the complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915A.   A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915A(b)(1).   *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g., Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where inmate failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process warranted where inmate made no attempt to disclose prior cases in original or amended complaint); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012)

(unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, as prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all

information known to him regarding prior cases even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of discretion even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of the judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied the instant action is malicious and thus recommends dismissal under 28 U.S.C. § 1915A(b)(1). Section VIII of the complaint form requires Plaintiff to disclose information

regarding prior civil cases he filed in state and federal court (ECF No. 1 at 7–11).

Question A of Section VIII asks whether, to the best of his knowledge, Plaintiff had,

at the time he filed his complaint, had any action dismissed pursuant to § 1915(g)

(ECF No. 1 at 8).   Plaintiff responded "No" to this question and disclosed no cases

(*id.*).   Question C of Section VIII asks whether Plaintiff had initiated any other

lawsuit in federal court either challenging his conviction or otherwise relating to the

conditions of his confinement (*id.* at 9).   Again, Plaintiff responded "No" and

disclosed no cases (*id.*).   At the end of that section of the complaint form, Plaintiff

was advised that "**Failure to disclose all prior cases may result in the dismissal**

**of this case**" (*id.* at 10) (emphasis in original).   Plaintiff signed his name after the

following statement: "I declare under penalty of perjury that the foregoing (including

all continuation pages) is true and correct" (*id.* at 10).

As routinely recognized by this court, the information in Section VIII of the

form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled
> to pursue the current action under the "three strikes" provision of the
> Prison Litigation Reform Act; it allows consideration of whether the
> action is related to, or otherwise should be considered in conjunction
> with or by the same judge who presided over, another action; it allows
> consideration of whether any ruling in the other action affects the
> prisoner's current case.   All of these things are appropriately
> considered in connection with the preliminary review of such a
> complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000).    Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.   The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable.

The court takes judicial notice that prior to commencing this action on April 12, 2021, Plaintiff had filed all but one of the cases referenced above—and quite possibly more—challenging the conditions of his confinement.   Plaintiff did not disclose any of those cases despite the complaint form's clear instruction that he do so.

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.   If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.   The court will not tolerate false responses or statements in any pleading or motion filed before it.   Here, Plaintiff falsely responded to questions on the complaint form, as set forth above.   Plaintiff knew, or from reading the complaint form should have known, that disclosure of all prior actions was required and that dismissal of this

action may result from untruthful answers.   If Plaintiff suffered no penalty for his

untruthful responses, there would be little or no disincentive for his attempt to evade

or undermine the purpose of the form, as demonstrated by Plaintiff's repeated efforts

in that regard.   Furthermore, if word spread around the prisons that the questions on

the complaint form could be circumvented in such a manner, the court might be

confronted with widespread abuse from its many prisoner litigants.   Therefore, this

court should not allow Plaintiff's false responses to go unpunished, particularly

considering Plaintiff's pattern of providing false responses.

The court recommends that an appropriate sanction for Plaintiff's abuse of the

judicial process in not providing the court with true factual statements or responses

is to dismiss this cause without prejudice.  *See Rivera*, 144 F.3d at 731 (dismissal

of an action without prejudice as a sanction for a pro se prisoner's failure to disclose

the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is

proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000)

("Dismissal without prejudice is not too severe a sanction under these

circumstances.").   Plaintiff also should be warned that such false responses,

particularly when coupled with what appears to be a deliberate attempt to mislead

this court and evade the applicable rules and law, will not be ignored and may result

in more severe and long-term sanctions, including an order prohibiting him from

proceeding pro se in this court.  *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **DENIED**.

And it is it respectfully **RECOMMENDED**:

1.      That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to U.S.C. § 1915(g) based on Plaintiff's failure to pay the filing fee at the time he initiated the action and pursuant to 28 U.S.C. § 1915A(b)(1) as malicious.

2.      That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 30<u>th</u> day of April 2021.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.